IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2006

## STATE OF TENNESSEE v. CANDICE ALENE PEERY

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S49, 333     Phyllis H. Miller, Judge**

_____

**No. E2005-02019-CCA-R3-CD - Filed October 16, 2006**

_____

Pursuant to a plea agreement, the defendant, Candice Alene Peery, pled guilty to aggravated burglary and theft of property over $1,000. In return, she received an effective eight-year sentence as a Range II multiple offender with the manner of service of her sentence to be determined by the trial court. The court ordered the defendant to serve her sentence in confinement and she appealed, arguing that the court erred in denying an alternative sentence. Finding no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

William A. Kennedy, Assistant Public Defender, Blountville, Tennessee, for the appellant, Candace Alene Peery.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On September 7, 2004, the defendant was indicted for aggravated burglary, a Class C felony, and theft of property over $1,000, a Class D felony. Thereafter, on May 6, 2005, the defendant pled guilty to these offenses, agreeing to an effective eight-year sentence as a Range II multiple offender with the manner of service of this sentence to be determined by the trial court. At the plea acceptance hearing, the state and the defendant stipulated to the incriminating proof, which established that the defendant and an accomplice broke into a home and stole over $1000 in property. The trial court accepted the defendant's plea and ordered the defendant's eight-year sentence to run

consecutive to her prior sentences. The court then scheduled a hearing to determine the manner of service of the sentence.

At the sentencing hearing, the defendant was the only witness to testify. She testified that she was twenty-one years old and was incarcerated in Washington County. She was currently serving a six-year sentence that, pursuant to the plea agreement, would run consecutively to her eight-year sentence. The defendant stated that while incarcerated she had not used drugs and she had a job. The defendant said that she had been in jail for a year and asserted that being incarcerated for this period of time served as a "wakeup call." She realized that she had messed things up and "how quick [she] could take [herself] back away from everybody and [her] daughter and [her] grandmother . . . ." The defendant voiced her desire to stay drug free and parole out to a halfway house. The defendant noted that her daughter was three-and-a-half years old and was staying with her in-laws while she was incarcerated.

The defendant acknowledged that she had been using some type of drug since she was ten years old. She also admitted that she had been in drug treatment programs before but never took the treatment seriously and ended up using drugs again. The defendant stated that she obtained her GED but had not gone to college. The defendant said she desired to get a job and go back to school.

On cross-examination, the defendant stated that she was married. She admitted that she failed a drug test on January 10, 2005, at the Blountville Probation Office where she tested positive for marijuana and cocaine. She also admitted that upon failing the drug test, she told the probation officer that she had used those substances while incarcerated in the Sullivan County Jail. However, the defendant claimed that she was attending a twelve-step program in jail. The defendant further admitted that her grandmother was the victim of her prior forgery convictions and that she had not provided restitution to the victim, whose house she burglarized.

The defendant's presentence report was introduced into evidence. According to the report, the defendant had a lengthy criminal history including convictions for: felony failure to appear; misdemeanor failure to appear; driving on a suspended license; improper registration; possession and distribution of intoxicating liquor by a person under 21; forgery of numerous checks; unlawful possession of drug paraphernalia; and felony possession of drugs. The report also indicated that the defendant had not abided by the terms of her previous probation and release into the community. The report indicated that the defendant had violated previous probationary sentences by incurring new criminal charges, failing to appear for her probation hearings, and failing to comply with the conditions of her probation.

Following the sentencing hearing, the trial court noted that the defendant was not presumed to be a favorable candidate for alternative sentencing because she pled as a Range II multiple offender. The court then meticulously considered all the enhancing and mitigating factors, the principles of sentencing, the presentence report, and the defendant's testimony. The court found that the defendant had an extensive history of criminal convictions and criminal behavior. The court also found that the defendant was the leader in the commission of the aggravated burglary and theft. The

court further found that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. The court also considered various mitigating factors but gave them little to no weight. The court then denied the defendant's request for alternative sentencing and ordered her to serve her eight-year sentence in confinement. Thereafter, the defendant filed a timely notice of appeal to this court.

## ANALYSIS

The defendant's sole issue on appeal is whether the trial court erred in denying alternative sentencing and imposing full confinement. When an accused challenges the length and manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our de novo review of a sentence, this court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing; (d) the arguments of counsel as to sentencing alternatives; (e) the nature and characteristics of the offense; (f) the enhancement and mitigating factors; and (g) the defendant's potential or lack of potential for rehabilitation or treatment. *Id*. §§ 40-35-103(5), -210(b).

Tennessee Code Annotated section 40-35-103 provides guidance as to whether the trial court should grant alternative sentencing or sentence the defendant to total confinement. Sentences involving confinement should be based upon the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .
>
>       . . . .
>
> (5) The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed. . . .

Tenn. Code Ann. § 40-35-103(1), -(5).

In the instant case, the defendant was eligible for probation because her actual sentence was eight years or less and the offense for which she was sentenced was not specifically excluded by statute. *See* Tenn. Code Ann. § 40-35-303(a). However, as a multiple offender, she was not presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). As a result, the burden of establishing suitability for alternative sentencing rested with the defendant. Upon review, the record fully supports the trial court's denial of alternative sentencing. The record reflects that the defendant had a long history of criminal convictions and criminal behavior. The record further reflects that efforts less restrictive than confinement had frequently and recently failed, as the defendant was given several opportunities at probation and violated the conditions of her probation many times. Accordingly, we conclude that the defendant has failed to carry her burden of establishing that she is entitled to alternative sentencing.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court. However, we discern a clerical error in the judgment for theft of property over $1,000. The judgment incorrectly states that the defendant's sentence is six years and not eight years as reflected in the transcript of the plea hearing. Therefore, we remand for correction of this judgment.

_____

J.C. McLIN, JUDGE

-4-